IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEVIN JONES | § | |
|     TDCJ-CID #04030943 | § | |
| V. | § | C.A. NO. C-04-109 |
| | § | |
| OFFICER SCHULTZ, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is the motion of Texas Assistant Attorney General Patrick Brezik ("Brezik") to quash plaintiff's attempted service and to dismiss any claims plaintiff is attempting to raise against Mr. Brezik (D.E. 59). Plaintiff has not filed a response to Mr. Brezik's motion.[1] For the reasons stated herein, it is recommended that Mr. Brezik's motion be granted.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND

Plaintiff, a Texas state prisoner proceeding *pro se*, filed this civil rights action on February 20, 2004, claiming that defendants were deliberately indifferent to his health and safety when they caused him to be transported in leg and arm restraints despite a knee injury (D.E.1). Following an evidentiary hearing, it was recommended that plaintiff's deliberate indifference claim against Officer Shultz be retained on the Court's docket and that his remaining claims be dismissed (D.E. 24). Plaintiff objected (D.E. 29), and by Order entered February 28, 2005, the Court retained plaintiff's

---

[1] Pursuant to the Order for Service of Process (D.E. 25, 37, 42, 48), plaintiff has 30 days to file a response to a dispositive motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

deliberate indifference claims against Officer Shultz, Officer Shana, and Officer Boehnke (previously identified as the unknown bus driver) (D.E. 36).

On February 22, 2005, Officer Schultz filed a motion for summary judgment (D.E. 34). By Memorandum and Recommendation entered May 17, 2005, it was recommended that Officer Shultz' summary judgment motion be granted and that plaintiff's claims against Officer Schultz be dismissed (D.E.49). On June 10, 2005, the Court granted Officer Schultz' motion for summary judgment (D.E. 55). Plaintiff's claims against Officer Shana and Officer Boehnke remain pending.

### III.  MOTION TO QUASH AND DISMISS

Patrick Brezik, an Assistant Attorney General for the State of Texas, currently represents Officer Shana and Officer Boehnke. According to Mr. Brezik, on an unidentified date, plaintiff attempted to serve him and Jason LeBoeuf, defendants' former counsel, with summons, despite the fact that plaintiff has not alleged any claim against Mr. Brezik or Mr. LeBoeuf in his original or amended complaint. See D.E. 1, 6. In addition, Mr. Brezik argues that plaintiff's service on him was insufficient because it was received by the Attorney General's mail room, and not served upon him personally as required by Fed. R. Civ. P. 4. Mr. Brezik also notes that Mr. LeBoeuf is no longer with the Attorney General's Office, and that he has no authority to represent Mr. LeBoeuf. Mr. Brezik believes plaintiff is attempting to prejudice defendants by bringing their attorney into this suit as a named defendant.

### IV.  DISCUSSION AND RECOMMENDATION

When service of process is insufficient, the court may dismiss the suit or quash the service. See Adams v. Allied Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996). It is within the district court's discretion to quash service of process and allow the plaintiff another opportunity to

effect service properly or to dismiss the claim outright. Cross v. City of Grand Prairie, 1998 WL 133143 at *7 (N.D. Tex. Mar. 17, 1998). A plaintiff's *pro se* status is relevant in making the determination on whether to quash service or dismiss. Monroe v. Texas Utils. Co., 2002 WL 413866 at * 2 (N.D. Tex. Mar. 11, 2002).

In this case, plaintiff has failed to allege any claim against Mr. Brezik. To allow plaintiff to attempt to effect service properly would be futile because plaintiff has no claim against Mr. Brezik. Accordingly, it is respectfully recommended that the Court grant Mr. Brezik's motion (D.E. 59) and both quash the attempted service against Mr. Brezik and dismiss any claim that plaintiff might allege against Mr. Brezik in his capacity as attorney for defendants in this action.

Respectfully submitted this 9th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).